**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARK TWAIN ELLIS,

            Plaintiff,

vs.                                                Case No. 3:08-cv-1161-J-32JRK

OFC. T.L. TERRELL, #61134,
OFC. ULSCH, #6434, to be sued
in their individual and official capacities,
to J.S.O.,

            Defendants.

## **ORDER**

This case is before the Court on Defendants, Officers T.L. Terrell's and Ulsch's, Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 31; Motion). Plaintiff, Mark Twain Ellis, who is proceeding pro se, has filed a response in opposition to the Motion. See Doc. 33.

Plaintiff initiated this action by filing his Notice of Intent to Sue Jacksonville Sheriff's Office Police Dept. (Doc. 2; Complaint). Upon removal, however, the Court dismissed the Complaint because it failed to clearly indicate what factual allegations were being relied on to support Plaintiff's claims. Doc. 11 at 1. It was also noted that it was not clear whether Plaintiff actually intended to file the law suit or, instead, to merely give notice of his claims to the appropriate agencies. Id. Plaintiff was given leave to file an amended complaint to cure the deficiencies and was provided a copy of the Step by Step Guide to Filing a Civil Action in the Jacksonville and Ocala Divisions for any assistance it could provide. Id. at 2.

Plaintiff filed his Amended Complaint (Doc. 12; First Amended Complaint) on February 12, 2009.  Nevertheless, the amended pleading did little to cure the deficiencies of the initial Complaint.  The only potentially viable causes of action identified by the Court were a claim for excessive force under 42 U.S.C. § 1983 and possibly a false arrest claim.  Doc. 23 at 2.  As such, the Court dismissed with prejudice all claims except for excessive force and false arrest, which were dismissed without prejudice.  Id.  Plaintiff was permitted to file a second amended complaint alleging just those two claims and the facts supporting them in a clear and concise way.  Id.  However, he failed to timely file an amended complaint, and thus, the Court gave him "one final opportunity" to file a pleading in compliance with the Order Granting Officer Terrell and Officer Ulsch's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 23).  Doc. 29.

On March 18, 2010, Plaintiff filed his Second Amended Complaint (Doc. 30; Second Amended Complaint).  Despite being Plaintiff's third attempt at framing his causes of action, Defendants complain that "even when read specifically in the context of excessive force and false arrest[,] the Second Amended Complaint is a confusing jumble of allegations[.]" Motion at 4.  They argue that Plaintiff has failed to satisfy Rules 8 and 10, Federal Rules of Civil Procedure (Rule(s)), in presenting his claims, and therefore, the Second Amended Complaint should be dismissed.  Id. at 3-4.

"[A] pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Rule 8).  Rule 8 specifies that "[e]ach allegation must be simple, concise, and direct."  In addition, Rule 10 directs a party to "state its claims or defenses in numbered paragraphs, each limited

2

as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]"

The general objective of these rules is clarity in pleading. See Allen v. Life Ins. Co. of N. Am., Civil Action No. 1:09-CV-1179-MHS, 2009 WL 6055336, at *1 (N.D. Ga. Aug. 13, 2009). "A complaint that fails to comply with these Rules presents too heavy of a burden for the defendants in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed[.]" Powell v. Harris, Civ. No. 1:08-CV-344 (TJM/RFT), 2008 WL 4279494, at *1 (N.D.N.Y. May 14, 2008). "Although *pro se* complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings[.]" Heard v. Nix, 170 F. App'x 618, 619 (11th Cir. 2006) (per curiam) (citations omitted).

Plaintiff has been given multiple chances to correct the defects of his pleading. Nevertheless, the handwritten Second Amended Complaint, which in large part seems to be a rehash of the First Amended Complaint, does not include headings or titles, and fails to identify any specific counts. Rather than pleading claims for false arrest and excessive force in a clear and concise manner, it comprises six pages of rambling allegations, which do not appear tied to any particular cause of action. Interspersed are numerous references to the Constitution, various statutes, and other claims previously dismissed with prejudice.

In addition, it is virtually impossible to know what claims Plaintiff intends to bring against each Defendant. The Second Amended Complaint often fails to attribute the alleged conduct to a specific individual, and essentially omits any reference to factual allegations

3

regarding Defendant Ulsch.  As such, the Second Amended Complaint fails to sufficiently apprise Defendants of the nature of the claims against them.

Accordingly, it is hereby

**ORDERED**:

Officers Terrell and Ulsch's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 31) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court is directed to terminate all pending motions and **CLOSE** the file.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of August, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

jp
Copies:

counsel of record
pro se parties